UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRENDA A. FEARS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-cv-2668-KHV-TJJ |
| | ) |
| UNIFIED GOVERNMENT OF | ) |
| WYANDOTTE COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

## NOTICE AND ORDER TO SHOW CAUSE

TO THE PLAINTIFF:

Plaintiff filed her complaint pro se on November 22, 2017, naming as Defendants the Unified Government of Wyandotte County, Nancy Burns, and AFSME. The undersigned Magistrate Judge entered a Report and Recommendation recommending that the presiding District Judge deny Plaintiff's Motion to Proceed Without Prepayment of Fees (*in forma pauperis*),[1] and on December 8, 2017, Plaintiff paid the filing fee.[2] On December 22, 2017, the clerk's office issued summons to Plaintiff and it was her responsibility to obtain service of the summons and complaint on each Defendant.[3]

---

[1] ECF No. 3 (motion); ECF No. 5 (Report and Recommendations).

[2] The presiding District Judge later adopted the Report and Recommendations and overruled Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 6).

[3] A docket entry dated December 22, 2017 regarding issuance of the summons does not have an ECF number.

Defendants Unified Government and Nancy Burns filed a joint answer in response to the complaint.[4]  Defendant AFSME has not filed an answer or otherwise responded to the complaint.[5]

The Court set the case for a March 9, 2018 Scheduling Conference.  Plaintiff did not appear at the Scheduling Conference and was not reachable by telephone, and the Court was therefore unable to learn directly whether Plaintiff has served Defendant AFSME with summons and a copy of the complaint.  Plaintiff has not filed Returns of Service, so according to the court docket, it appears Plaintiff has not obtained service of the summons and complaint on Defendant AFSME within 90 days after filing of the Complaint.  Fed. R. Civ. P. 4(m) provides in relevant part as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court therefore orders Plaintiff to show good cause in writing to the Honorable Kathryn H. Vratil, United States District Judge, on or before **April 2, 2018**, why service of the summons and complaint was not made in this case upon Defendant AFSME within 90 days from the filing of the complaint, and shall further show good cause in writing to said Judge why Plaintiff's claims against Defendant AFSME should not be dismissed without prejudice for failure to prosecute.

IT IS SO ORDERED.

---

[4] ECF No. 9.

[5] The Court suspects Plaintiff intended to name "AFSCME" and not "AFSME," but will not change the party name without Plaintiff's direction.

Dated in Kansas City, Kansas on this 16th day of March, 2018.

*Teresa James*

Teresa J. James
U. S. Magistrate Judge