# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRENDA A. FEARS,                )
                                )
        Plaintiff,              )
                                )           CIVIL ACTION
v.                              )
                                )           No. 17-2668-KHV
UNIFIED GOVERNMENT OF           )
WYANDOTTE COUNTY, et al.,       )
                                )
        Defendants.             )
                                )
_____ )

## MEMORANDUM AND ORDER

Brenda A. Fears brings suit pro se against the Unified Government of Wyandotte County, Nancy Burns and ASFME.[1]  See Employment Discrimination Complaint (Doc. #1) filed November 22, 2017. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Americans With Disability Act ("ADA"), 42 U.S.C. § 12101 et seq., claiming that defendants unlawfully terminated her employment, failed to accommodate her disability, imposed different terms and conditions of employment compared to similarly situated employees, retaliated against her and harassed her. Employment Discrimination Complaint (Doc. #1) ¶ 1. This matter comes before the Court on the Motion For Judgment On The Pleadings And Suggestions In Support (Doc. #16) which Burns filed on April 26, 2018, to which plaintiff has not responded.[2] For reasons stated below, the Court sustains the motion.

---

[1] On April 11, 2018, the Court dismissed without prejudice the claims against ASFME for failure to obtain service within 90 days after filing the complaint. See Order (Doc. #14).

[2] Pursuant to D. Kan. Rule 6.1(d)(2), plaintiff had 21 days – or until May 17, 2016 – to file a response. Pursuant to D. Kan. Rule 7.4(b), "[a]bsent a showing of excusable neglect, a party
(continued...)

**Legal Standards**

A motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., is governed by the same standards as a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P. See BV Jordanelle, LLC v. Old Republic Nat'l Title Ins. Co., 830 F.3d 1195, 1201 (10th Cir. 2016); Atl. Richfield Co. v. Farm Credit Bank, 226 F.3d 1138, 1160 (10th Cir. 2000). In ruling on a motion to dismiss under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – not merely conceivable – on its face. Id. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679. The Court need not accept as true those allegations which state only legal conclusions. See id.

Plaintiff bears the burden of framing her claim with enough factual matter to suggest that she is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. See Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and

---

²(...continued)
or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. Because plaintiff did not file a timely response, the Court considers and decides the motion as uncontested and ordinarily will grant the motion without further notice. See D. Kan. Rule 7.4(b).

conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the pleading has alleged – but has not "shown" – that the pleader is entitled to relief. Id. at 679.

When ruling on a Rule 12(b)(6) motion, the Court does not analyze potential evidence that the parties might produce or resolve factual disputes. Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002). The Court accepts well-pleaded allegations as true and views them in the light most favorable to the non-moving party. Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

**Facts**

Plaintiff's complaint alleges the following facts.

Plaintiff is a black woman with a vision disability. Plaintiff worked as an auditor in the Register of Deeds office for the Unified Government.[3] Employment Discrimination Complaint (Doc. #1) ¶ 9.

In 2010, Nancy Burns was voted into office as the Register of Deeds for the Unified Government.[4] Id. at 4.[5] At that time, all but three of the women who worked in the Office of the

---

[3] The record is unclear regarding plaintiff's dates of employment.

[4] Although the complaint does not specify into what office Burns was elected, the Court takes judicial notice that Burns is the Register of Deeds for the Unified Government of Wyandotte County and Kansas City, Kansas. See http://www.wycokck.org/Register-of-Deeds/Staff.aspx (last visited June 19, 2018); see, e.g., Stebbins v. Arkansas, No. 17-CV-032016, 2017 WL 1929658, at *1 n.3, (May 9, 2017) (taking judicial notice that Circuit Clerk is elected public official).

[5] Because some pages of the complaint do not have page numbers, the Court cites the Electronic Case Filing ("ECF") page numbers.

Register of Deeds quit. Id. at 3-4. Plaintiff remained in her position as an auditor. Plaintiff's job duties on the computer doubled, and she started having vision problems. Id. Plaintiff's eyes became so bad that Burns gave her a magnifying glass over her computer screen. Id. Plaintiff's eyes had "running water" and she "could not stand the light." Id.

In October or November,[6] plaintiff took leave under the Family Medical Leave Act ("FMLA") for surgery on her left eye. Id. She expected to miss three to four weeks of work, but the healing took longer. Id. at 5-6. In January, the doctor told plaintiff to take frequent breaks. Id. at 6. Burns told plaintiff that she would need to take additional FMLA leave. Id. Burns said that plaintiff could only take a break from the computer when it was her official break time and that plaintiff's FMLA leave would expire in February. Id. Due to lack of FMLA leave, plaintiff could not get surgery on her right eye.

Burns picked on another black employee in the office named Dalvin Dobbs and eventually fired her. Id. at 6. After firing Dobbs, Burns added another duty for plaintiff: waiting on all customers. Id. Burns told plaintiff that if another employee got up to wait on a customer, she would write up plaintiff. Id. Plaintiff applied for Dobbs's job. Id. Burns said plaintiff was not qualified even though plaintiff had worked as an auditor for almost six years. Id.

Burns imposed stricter terms and condition of employment on plaintiff than other employees. Even though other employees were available to help, Burns did not allow plaintiff to take her regularly scheduled break when customers came in. Id. at 8. Plaintiff complained to the union

---

[6] The complaint does not specify the years of the alleged conduct. According to the amended charge of discrimination which plaintiff submitted to the Kansas Human Rights Commission, the alleged discrimination took place between September 1, 2015 and August 9, 2016. See Doc. #1-1 at 1.

representative, and Burns got mad at her. Id. Even though other employees routinely did so, Burns did not allow plaintiff to take personal calls or eat at her desk. Id. Other employees took unscheduled breaks on work time, but Burns punished plaintiff when she was only two minutes late returning from break. Id. at 8-9. Burns wrote up plaintiff numerous times for behavior that did not warrant it. Id. at 9-10.

Burns belittled plaintiff like she was a child. Id. at 10. As a result of the way in which Burns treated her, plaintiff suffered stress and high blood pressure. Id. In August, Burns suspended plaintiff without pay. Id. In October, plaintiff was hospitalized for two weeks due to stress. Id.

### Analysis

Burns asks the Court to enter judgment on the pleadings in her favor. Burns asserts that as an individual supervisor, she is not subject to personal liability under Title VII or the ADA. To the extent plaintiff may be attempting to sue Burns in her official capacity, Burns asserts that such claims are superfluous since the Unified Government is a defendant in the case.

As noted, plaintiff has not responded to defendant's motion. Based on the Court's review of the pleadings and relevant law, the Court finds that defendant's motion should be sustained. Title VII and the ADA do not impose personal liability against individual supervisors. See Butler v. City of Prairie Vill. Kan., 172 F.3d 736, 744 (10th Cir. 1999). Moreover, to the extent plaintiff may seek to assert claims against Burns in her official capacity, such action is superfluous since the Unified Government is already a defendant in the case. See Lewis v. Four B Corp., 211 F. App'x 663, 665 n.2 (10th Cir. 2005). Accordingly, the Court will dismiss with prejudice the claims against Burns.

**IT IS THEREFORE ORDERED** that defendant's Motion For Judgment On The Pleadings

And Suggestions In Support (Doc. #16) filed on April 26, 2018 is **SUSTAINED**. Plaintiff's claims against Burns are dismissed with prejudice. Plaintiff's claims against the Unified Government of Wyandotte County remain in the case.

Dated this 9th day of July, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge