# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRENDA A. FEARS, )
)
      **Plaintiff,** )
) CIVIL ACTION
v. )
) No. 17-2668-KHV
UNIFIED GOVERNMENT OF )
WYANDOTTE COUNTY, et al., )
)
      **Defendants.** )
)
_____)

## MEMORANDUM AND ORDER

Brenda A. Fears brings suit pro se against the Unified Government of Wyandotte County and Nancy Burns for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Americans With Disability Act ("ADA"), 42 U.S.C. § 12101 et seq.[1] See Employment Discrimination Complaint (Doc. #1) filed November 22, 2017. On July 9, 2018, the Court entered an order which dismissed with prejudice the claims against Burns. See Memorandum And Order (Doc. #26). This matter comes before the Court on plaintiff's Motion For Reconsideration (Doc. #27) filed August 14, 2018. For reasons stated below, the Court overrules plaintiff's motion.

## Legal Standards

Plaintiff seeks reconsideration of a dispositive order for which the Court has not yet entered judgment.[2] The Court has discretion to revise an interlocutory order at any time prior to the entry

---

[1] Plaintiff also sued ASFME. On April 11, 2018, the Court dismissed those claims without prejudice for failure to obtain service within 90 days after filing the complaint. See Order (Doc. #14).

[2] Local Rule 7.3(b), D. Kan., governs motions to reconsider non-dispositive orders, while Rule 59, Fed. R. Civ. P., generally applies to final orders and judgments that adjudicate all of
(continued...)

of final judgment. See Fed. R. Civ. P. 54(b); Anderson v. Deere & Co., 852 F.2d 1244, 1246 (10th Cir. 1988). In considering plaintiff's motion, the Court applies the legal standards of Rule 59(e), Fed. R. Civ. P. and D. Kan. Rule 7.3, which are essentially identical. See, e.g., BHC Dev., L.C. v. Bally Gaming, Inc., 985 F. Supp.2d 1276, 1295 (D. Kan. 2013).

A motion to reconsider must be based on (1) an intervening change in controlling law; (2) newly available evidence; or (3) the need to correct clear error or prevent manifest injustice. See Coffeyville Res. Ref. & Mktg., LLC v. Liberty, 748 F. Supp. 2d 1261, 1264 & n.2 (D. Kan. 2010); see also D. Kan. R. 7.3(b); Comeau v. Rupp, 810 F. Supp. 1172, 1174-75 (D. Kan. 1992). Such a motion is appropriate when the Court has misapprehended a party's position, the facts or the controlling law, or the Court has "mistakenly decided issues outside of those the parties presented for determination." In re Sunflower Racing, Inc., 223 B.R. 222, 223 (D. Kan. 1998) (citing Anderson v. United Auto Workers, 738 F. Supp. 441, 442 (D. Kan. 1990)). Such a motion is not appropriate to revisit issues already addressed or to advance arguments that a party could have raised in prior briefing. See, e.g., Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion brought under Rule 59(b)). A motion to reconsider is not a second opportunity

---

²(...continued)
the parties' remaining rights and liabilities. Coffeyville Res. Ref. & Mktg. v. Liberty Surplus Ins. Corp., 748 F. Supp.2d 1261, 1264 n.3 (D. Kan. 2010) (citing Fye v. Okla. Corp. Comm'n, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008); Raytheon Constr., Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003)). Some uncertainty exists with respect to whether orders disposing of some but not all claims are dispositive or non-dispositive under D. Kan. Rule 7.3. A.H. ex rel. Hohe v. Knowledge Learning Corp., No. 09–2517–DJW, 2011 WL 2731757, at *2 n.12 (D. Kan. July 13, 2011) (noting disagreement whether to characterize partial summary judgment orders as dispositive or non-dispositive); Coffeyville Res. Ref. & Mktg., 748 F. Supp.2d at 1264; Johnson v. Simonton Bldg. Props., Inc., No. 08-2198, 2009 WL 902409, at *2 (D. Kan. Mar. 31, 2009). Here, the result is the same whether the Court considers plaintiff's motion as one to reconsider under D. Kan. Rule 7.3(b) or under Rule 59.

for the losing party to make her strongest case, to rehash arguments or to dress up arguments that previously failed. Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996); Resolution Trust Corp. v. Greif, 906 F. Supp. 1446, 1456 (D. Kan. 1995); Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994). A party's failure to present her strongest case in the first instance does not entitle her to a second chance through a motion to reconsider. Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005).

## **Analysis**

As noted, plaintiff seeks reconsideration of the Court's order dismissing her claims against Burns. In the order, the Court found that Title VII and the ADA do not impose personal liability against individual supervisors and that to the extent plaintiff may seek to assert claims against Burns in her official capacity, such action is superfluous because the Unified Government is already a defendant in the case. See Memorandum And Order (Doc. #26) at 5.

In support of her motion for reconsideration, plaintiff asserts facts which apparently support her claim that Burns discriminated and/or retaliated against her for complaining to the union representative. See Motion For Reconsideration (Doc. #27) at 2. Plaintiff does not assert that evidence has become newly available to her. See id. Even if she did, the new allegations would not change the Court's previous conclusions, i.e. that under Title VII and the ADA plaintiff cannot hold Burns personally liable and that any official capacity claims against Burns are superfluous since the Unified Government is already a defendant in the case. Similarly, plaintiff has not shown an intervening change in controlling law or the need to correct clear error or prevent manifest injustice. On this record, the Court declines to reconsider its ruling.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Reconsideration (Doc. #27) filed August 14, 2018 is **OVERRULED**.

Dated this 29th day of October, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge