IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BRENDA A. FEARS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 17-2668-KHV |
| | ) | |
| UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

On November 22, 2017, Brenda A. Fears filed a complaint against the Unified Government of Wyandotte County/Kansas City, Kansas, alleging employment claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the American with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. Complaint (Doc. #1). This matter is before the Court on defendant's unopposed motion for summary judgment. Defendant's Motion For Summary Judgment (Doc. #52) filed July 3, 2019. For reasons stated below, the Court sustains defendant's motion.

**Factual Background**

The following facts are deemed admitted.[1]

In 1983, plaintiff, who is black, was diagnosed with a progressive eye disease. In 2006, defendant hired plaintiff as an administrative support assistant in the Register of Deeds office. In

---

[1] Plaintiff did not file a response to defendant's motion for summary judgment.

2012, plaintiff's vision took a turn for the worse. To address her increasing visual impairment, plaintiff's supervisors provided her with reasonable accommodations.

As plaintiff's vision continued to deteriorate, she made frequent mistakes in her work and received multiple performance warnings. On one occasion, defendant suspended her for one day for incorrectly recording a filing fee.

On September 21, 2015, plaintiff filed a complaint with the mayor and the human resources department, alleging race discrimination. On September 24, 2015, plaintiff's union filed a grievance on her behalf alleging disparate treatment based on race, but did not pursue it.

Defendant attempted additional accommodations for plaintiff's visual impairment, but her performance continued to decline. Plaintiff's supervisor eventually concluded that she was unable to perform the essential functions of her job.

On April 19, 2016, defendant placed plaintiff on paid leave while defendant's human resources office looked for another job that plaintiff could perform. Plaintiff, however, was unable to pass the required skills test for any open position.

On June 10, 2016, plaintiff exhausted her paid leave time and defendant placed her on administrative leave for 60 days.

In August of 2016, defendant placed plaintiff on an unpaid leave of absence pending her application for disability benefits from the Kansas Public Employees Retirement System ("KPERS"). In her KPERS application, plaintiff stated that she was unable to perform her job or any substantial gainful activity because of her vision and other ailments.

In February of 2017, KPERS granted plaintiff's application for disability benefits effective October 18, 2016. KPERS determined that plaintiff was unable to perform the duties of her

occupation due to her "physical conditions of vision, hypertension and shortness of breath that started on April 21, 2016." After receiving notice that plaintiff's KPERS application was approved, defendant terminated her employment effective October 18, 2016.

On January 14, 2017, the Social Security Administration ("SSA") granted plaintiff's application for disability benefits. The SSA found that plaintiff became disabled on April 20, 2016. In her application for Social Security benefits, plaintiff stated that she became unable to work on April 20, 2016 because of her "disabling condition."

On May 1, 2017, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that defendant committed discriminatory and retaliatory acts before removing her from her position and terminating her employment on August 9, 2016.

On November 22, 2017, plaintiff filed a complaint against defendant. As best the Court can ascertain and construed liberally, plaintiff asserts the following claims: (1) wrongful termination based on disability; (2) wrongful termination based on race; (3) failure to accommodate disability; (4) discrimination in terms and conditions of employment; (5) termination in retaliation for complaining about race discrimination; and (6) harassment based on race.

**Legal Standards**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Liberty Lobby, 477 U.S. at

248. A "genuine" factual dispute requires more than a mere scintilla of evidence in support of a party's position. Id. at 252.

The moving party bears the initial burden of showing the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the moving party meets the initial burden, the burden shifts to the nonmoving party to show that a genuine issue remains for trial with respect to the dispositive matters for which the nonmoving party carries the burden of proof. Nat'l Am. Ins. Co. v. Am. Re-Ins. Co., 358 F.3d 736, 739 (10th Cir. 2004); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). As to these matters, the nonmoving party may not rest on the pleadings but must set forth specific facts. Fed. R. Civ. P. 56(e)(2); Matsushita, 475 U.S. at 586-87. Conclusory allegations not supported by evidence are insufficient to establish a genuine issue of material fact. Jarvis v. Potter, 500 F.3d 1113, 1120 (10th Cir. 2007); see Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996).

When applying this standard, the Court views the factual record in the light most favorable to the party opposing the motion for summary judgment. Duvall v. Ga.-Pac. Consumer Prods., L.P., 607 F.3d 1255, 1260 (10th Cir. 2010); see Ricci v. DeStefano, 557 U.S. 557, 586 (2009). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Liberty Lobby, 477 U.S. at 250-51. Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

## Analysis

I.  Local Rule 7.4

On the same day that defendant filed its summary judgment motion, it sent notice to

plaintiff explaining her burden under Rule 56 and Local Rule 56.1. <u>Notice To Pro Se Litigant Who Opposes A Motion For Summary Judgment</u> (Doc. #54) filed July 3, 2019. Plaintiff has not filed a response and the time to do so has expired.[2] Pursuant to D. Kan. Rule 7.4, if a party fails to file a timely response, the Court considers and decides the motion as uncontested and ordinarily grants it without further notice. D. Kan. Rule 7.4(b). The Court, however, must still determine whether the moving party has met its burden under Fed. R. Civ. P. 56, <u>i.e.</u> whether it has demonstrated that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. <u>Reed v. Bennett</u>, 312 F.3d 1190, 1194 (10th Cir. 2002). Under Rule 56(e), if a party does not respond to the moving party's factual assertions, the Court may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

II.     <u>Timely Exhaustion</u>

Defendant asserts that plaintiff did not timely file an EEOC charge for any of her claims. Plaintiff's failure to timely file an EEOC charge regarding each discrete employment incident permits defendant to raise an affirmative defense of failure to exhaust. <u>Lincoln v. BNSF Ry. Co.</u>, 900 F.3d 1166, 1185 (10th Cir. 2018). To exhaust administrative remedies, plaintiff generally must present her claims to the EEOC or authorized state agency (in Kansas, the Kansas Human Rights Commission ("KHRC")) and receive a right-to-sue letter based on that charge. <u>Id.</u> at 1181. The charge "shall be in writing and signed and shall be verified," 29 C.F.R. § 1601.9, and must at a minimum identify the parties and "describe generally the action or practices complained of," 29

---

[2] Under Rule 6(a), Fed. R. Civ. P., and D. Kan. Rule 6.1(d)(2), plaintiff had until July 24, 2019 to file a response.

C.F.R. § 1601.12(b). The charge tells the EEOC or KHRC what to investigate, provides the opportunity to conciliate the claim and gives the charged party notice of the alleged violation. See Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003). The requirement to present claims in a charge to the EEOC or a state agency serves the dual purposes of ensuring that the administrative agency has the opportunity to investigate and conciliate the claims and providing notice of the claims to the charged party. See id. Filing an untimely charge does not deprive the Court of jurisdiction. See Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982). The timeliness requirement is like a statute of limitations, i.e. subject to waiver, estoppel and equitable tolling. Id.

In Kansas, plaintiff must file an administrative charge within 300 days of the alleged discriminatory action. See 42 U.S.C. § 2000e-5(e)(1). Plaintiff filed her initial charge on May 1, 2017 and alleges that the discrimination took place between September 1, 2015 and August 9, 2016.[3] Charge of Discrimination at 1, Exhibit 1 to Complaint (Doc. #1). Accordingly, any claim for an act which occurred before July 5, 2016 (i.e. more than 300 days before plaintiff filed the charge on May 1, 2017) is time-barred.

As to all alleged discriminatory acts which occurred before July 5, 2016, defendant correctly asserts that as a matter of law plaintiff's charge was untimely. Defendant is therefore entitled to summary judgment on the following claims: (1) failure to accommodate disability; (2) discrimination in terms and conditions of employment; and (3) harassment based on race.

---

[3] Plaintiff filed an amended charge on May 4, 2017.

III.     Exhausted Claims

Because plaintiff asserts that defendant terminated her employment on August 9, 2016, she timely filed an EEOC charge as to the following claims: (1) wrongful termination based on disability; (2) wrongful termination based on race; and (3) termination in retaliation for complaining about race discrimination. Defendant asserts that it is entitled to summary judgment on plaintiff's wrongful termination claims because she cannot establish a prima facie case of discrimination under the ADA or Title VII, or retaliation under Title VII.

A.     Wrongful Termination Based On Disability

Plaintiff asserts that defendant terminated her employment because of her disability. Defendant asserts that it is entitled to summary judgment on this claim because plaintiff has not set forth a prima facie case of disability discrimination.

To establish a prima facie case of employment discrimination under the ADA, plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) she is qualified to perform the essential functions of her job with or without accommodations; and (3) defendant terminated her employment under circumstances which give rise to an inference that the termination was based on her disability. Smothers v. Solvay Chems., Inc., 740 F.3d 530, 544 (10th Cir. 2014).

Plaintiff's ADA claim fails as a matter of law because she has not shown that she is qualified to perform the essential functions of her job. Although she asserts that she is a "qualified individual with a disability," plaintiff stated in her KPERS and Social Security disability benefits applications that she is unable to perform her job. See Charge of Discrimination at 2, Exhibit 1 to Complaint (Doc. #1). Without a sufficient explanation for the contradiction between her charge

and her disability applications, defendant is entitled to summary judgment. See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805-06 (1999).[4]

B.  Wrongful Termination Based On Race

Plaintiff asserts that defendant terminated her employment because of her race. Defendant asserts that it removed plaintiff from her position for a legitimate and non-discriminatory reason – i.e. she was unable to perform the essential functions of her job, with or without reasonable accommodation.

The Court applies the burden-shifting framework which the Supreme Court set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), to plaintiff's claim of race discrimination in violation of Title VII. Under this approach, plaintiff initially bears the burden of production to establish a prima facie case of discrimination. See id. at 802. If plaintiff establishes a prima facie case, the burden shifts to defendant to articulate a facially

---

[4]  In Cleveland, 526 U.S. at 805-06, the Supreme Court held as follows:

> [I]n some cases an earlier [Social Security Disability Insurance] claim may turn out genuinely to conflict with an ADA claim. Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An ADA plaintiff bears the burden of proving that she is a "qualified individual with a disability"—that is, a person "who, with or without reasonable accommodation, can perform the essential functions" of her job. 42 U.S.C. § 12111(8). And a plaintiff's sworn assertion in an application for disability benefits that she is, for example, "unable to work" will appear to negate an essential element of her ADA case—at least if she does not offer a sufficient explanation. For that reason, we hold that an ADA plaintiff cannot simply ignore the apparent contradiction that arises out of the earlier SSDI total disability claim. Rather, she must proffer a sufficient explanation.

Id.

nondiscriminatory reason for its actions. See Reynolds v. Sch. Dist. No. 1, 69 F.3d 1523, 1533 (10th Cir. 1995). If defendant articulates a legitimate nondiscriminatory reason, the burden shifts to plaintiff to present evidence sufficient on which a reasonable jury might conclude that defendant's proffered reason is pretextual, that is, "unworthy of belief." Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995).

As noted, plaintiff asserts that defendant terminated her employment because of her race. Defendant responds that it terminated her employment for a legitimate and non-discriminatory reason – i.e. plaintiff could not perform the essential functions of her job. Plaintiff fails to present evidence that defendant's reason is pretextual. Accordingly, defendant is entitled to summary judgment on this claim.

        C.      Retaliatory Discharge For Complaining About Race Discrimination

Plaintiff asserts that defendant terminated her employment in retaliation for a complaint of race discrimination which she filed with the mayor and the human resources department on September 21, 2015. Defendant asserts that plaintiff has not set forth a prima facie case of retaliation and, even if she could, it terminated her employment because she could not perform the essential functions of her job.

Title VII makes it unlawful for an employer "to discriminate against any of [its] employees . . . because [an employee] has opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a). In the absence of direct evidence of retaliation, the Court assesses claims under the McDonnell Douglas burden-shifting framework. Medina v. Income Support Div., 413 F.3d 1131, 1135 (10th Cir. 2005). As noted, under this burden-shifting structure, plaintiff must first establish a prima facie case of retaliation. If she does so, the burden shifts to the employer

to articulate a legitimate nondiscriminatory reason for the adverse employment decision. From there, the burden returns to plaintiff to show that the stated reason is pretextual. Trujillo v. Univ. of Colo. Health Sciences Ctr., 157 F.3d 1211, 1215 (10th Cir. 1998).

To establish a prima facie case of retaliation, plaintiff must demonstrate (1) that she engaged in protected opposition to discrimination; (2) that a reasonable employee would have found the challenged action materially adverse; and (3) a causal connection between the protected activity and the materially adverse action. See Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1202 (10th Cir. 2006) (citing Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006)).

Assuming plaintiff has satisfied the first two elements, she fails to show a causal connection between the complaint she filed in September of 2015 and defendant's decision to remove her from her position in April of 2016 (or to terminate her employment in August of 2016). Moreover, even if plaintiff could establish a prima facie case, defendant has offered a legitimate reason for terminating her employment – i.e. she was unable to perform the essential functions of her job. Plaintiff has presented no evidence that defendant's reason is unworthy of belief. Accordingly, defendant is entitled to summary judgment on this claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Summary Judgment (Doc. #52) filed July 3, 2019 is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court should enter judgment in favor of defendant.

Dated this 8th day of October, 2019 at Kansas City, Kansas.

        s/ Kathryn H. Vratil
        KATHRYN H. VRATIL

United States District Judge